United States District Court
Eastern District of Michigan
Northern Division

United States of America,

    Plaintiff,

v.

Remington Peck-Skillman,

    Defendant.
_____/

Case No. 24-cr-20097

Hon. Thomas L. Ludington

## Plea Agreement

The United States of America and the defendant, Remington Peck-Skillman, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1. Count of Conviction**

The defendant will plead guilty to Count 1 of the indictment. Count 1 charges the defendant with possession of an unregistered destructive device under 26 U.SC. § 5861(d).

**2. Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 10 years |
| --- | --- | --- |
| | Fine: | Not more than $250,000 |
| | Term of supervised release: | Up to 3 years |

**3. Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss count 2 of the indictment, which charges the defendant with possession of a destructive device unidentified by serial number in violation of 26 U.S.C. § 5861(i).

**4. Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional firearm charges against the defendant for the conduct reflected in the indictment or factual basis for the plea.

5. **Elements of Count of Conviction**

The elements of Count 1 are:

1. The defendant knowingly possessed an NFA firearm (i.e. destructive device);

2. The firearm was a destructive device;

3. The defendant knew of the characteristics that it was a destructive device;

4. The destructive device was or could readily have been put in operating condition; and

5. The destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record.

6. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On January 28, 2024, in the Eastern District of Michigan, Saginaw County Sheriff's Deputies were dispatched to a disturbance involving Peck-Skillman. Deputies located Peck-Skillman in his vehicle as described by the 911 caller. Deputies took Peck-Skillman out of the car pursuant to a lawful arrest. Inside the car, Peck-Skillman knowingly possessed two improvised explosive devices.

These devices were designed as weapons and constitute improvised explosive bombs, which are destructive devices as defined by 26 U.S.C. § 5845. These devices were in operating condition at the time and Peck-Skillman knew they were destructive devices. Peck-Skillman had no devices registered to him in the National Firearms Registration and Transfer Record.

**7. Advice of Rights**

The defendant has read the indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

    F.    The right to testify or not to testify at trial, whichever the defendant chooses;

    G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

    H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

    I.    The right to compel the attendance of witnesses at trial.

**8. Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's

conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

**9. Defendant's Guideline Range**

**A. Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

**B. Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the

offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- 2K2.1(a)(5): Firearm described in 26 U.S.C. § 5845(a)
- 2K2.1(b)(3)(B): Offense involved a destructive device

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

C. **Supervised Release**

1. **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a two-year term of supervised release.

2. **No Right to Withdraw**

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

D. **Fines**

The parties have no agreement as to a fine.

E. **Forfeiture**

The defendant agrees, pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c), to forfeit all firearms and ammunition involved in or

used in the commission of his violation of 26 U.S.C. § 5861(d) including, but not limited to two improvised explosive bombs.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed.R.Crim.P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise

him of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearms and ammunition referenced above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### F.     Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 11.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

### 12. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

### 13. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**15. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

### 17. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on Friday, May 24, 2024. The government may withdraw from this agreement at any time before the defendant pleads guilty.

|  |  |
|---|---|
|  | Dawn N. Ison<br>United States Attorney |
| *Anthony P. Vance* (signature)<br>Anthony P. Vance<br>Chief, Branch Offices<br>Assistant United States<br>Attorney | *William Orr* (signature)<br>William Orr<br>Assistant United States<br>Attorney |

Dated: 4/24/2024

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Jerome Sabbota
Attorney for Defendant

Dated: 5-16-2024

_____
Remington Peck-Skillman
Defendant

w/ pn pn phone
call on 5-16-24
Review [signature]